In the Matter of Explorers Club, Appellant, v. Richard Lewisohn, as Finance Administrator of the City of New York, et al., Respondents.— Judgment, Supreme Court, New York County, entered on January 8, 1973, dismissing the petition, unanimously reversed, on the law, the petition reinstated and granted to restore the tax exempt status of the real property of petitioner-

appellant corporation, without costs and without disbursements. The tax exempt status of petitioner-appellant corporation having been canceled, effective for the second half of fiscal 1971–1972, by respondent-respondent Tax Commission, the corporation brought this article 78 proceeding for restoration thereof. The cancellation by the commission came about by virtue of enactment of section J51–3.0 of the Administrative Code, as authorized by section 421 of the Real Property Tax Law, effective January 1, 1972. The governing constitutional language is found in pertinent part in section 1 of article XVI of the New York Constitution: "Exemptions may be altered or repealed except those exempting real * * * property used exclusively for * * * educational purposes as defined by law and owned by any corporation * * * conducted exclusively for * * * such purposes and not operating for profit." Essentially the same language is repeated in section 421 (subd. 1 par. [a]), the exemption being continued in paragraph (b) as to such a corporation conducted for scientific purposes among others recited, subject to a further provision that the latter shall however be taxable under local law. The new section of the Administrative Code was enacted pursuant to that provision and respondent Tax Commission placed petitioner-appellant's real property on the tax rolls in accordance therewith. Special Term, taking note of petitioner's nonprofit scientific and educational activities, found the latter only incidental to the former, holding therefore that, being without the cited constitutional protection, petitioner's tax exemption was properly withdrawn. The key to the holding lies in the word "exclusively," Special Term concluding, in effect, that the scientific activities of petitioner were conducted entirely separate and apart from its educational activities, thereby vitiating the exclusivity of the latter. We do not agree. An integral part of the functioning of any educational institution is the research carried on to provide at least some of the ingredients of the education provided by the institution. Where that education is predominantly scientific, obviously the research must be of the same character. This describes virtually all of the scientific activity carried on by petitioner. To say in these circumstances that educational and scientific activity are mutually exclusive is to deny reality. One is an integral part of the other, and they cannot be considered separately. Accordingly, petitioner's scientific activity as described in the record, not being separable from its educational activity, may not be used to deprive it of that constitutional tax exemption to be accorded to an educational institution. We rule, accordingly, that petitioner is entitled to the relief sought, and it becomes unnecessary to reach the other points raised. Concur — Stevens, P. J., Markewich, Nunez, Steuer and Tilzer, JJ.